UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| STEPHEN NUCCIO, <br><br> Plaintiff, <br><br> v. <br><br> NICOLE DUVÉ, in her official capacity as District Attorney of the County of St. Lawrence <br><br> Defendants. | Civil Action No: <br> 7:13-CV-1556 (MAD/TWD) |

**MEMORANDUM OF LAW IN
SUPPORT OF MOTION TO DISMISS,
OR IN THE ALTERNATIVE, A STAY OF THIS ACTION**

**HANCOCK ESTABROOK, LLP**
Zachary M. Mattison (Bar Roll No. 514407)
*Attorneys for Defendant*
1500 AXA Tower I
100 Madison Street
Syracuse, New York 13202
Telephone:  (315) 565-4500

## TABLE OF CONTENTS

PAGE

I.     PRELIMINARY STATEMENT ..................................................................................1

II.    STATEMENT OF FACTS.........................................................................................2

III.   DEFENDANT IS ENTITLED TO DISMISSAL UNDER THE FIRST-FILED DOCTRINE ...................4

       a.     SPECIAL CIRCUMSTANCES DO NOT EXIST .................................................6

       b.     THE BALANCE OF CONVENIENCE STRONGLY FAVORS DISMISSAL ...........................7

IV.    IN THE ALTERNATIVE, DEFENDANT SEEKS A STAY OF THIS ACTION ..................................9

V.     CONCLUSION...................................................................................................12

TABLE OF AUTHORITIES

PAGE

CASES

*800-Flowers, Inc. v. Intercontinental Florist, Inc.*,
    860 F. Supp. 128 (S.D.N.Y. 1994) .....................................................................................6

*Albert Fadem Trust v. Duke Energy Corp.*,
    214 F. Supp. 2d 341 (S.D.N.Y. 2002)...............................................................................8

*BBC Int'l Ltd. v. Lumino Designs, Inc.*,
    441 F. Supp. 2d 438 (E.D.N.Y. 2006) ...............................................................................8

*Care, Ltd. v. Regent Baby Prods. Corp.*,
    No. 10-CV-9492, 2014 WL 572524 (S.D.N.Y. Feb. 13, 2014).........................................10, 11

*Catskill Mts. Chapter of Trout Unlimited, Inc. v. United States EPA*,
    630 F. Supp. 2d 295 (S.D.N.Y. 2009)...............................................................................11

*Citigroup, Inc. v. City Holding Co.*,
    97 F. Supp. 2d 549 (S.D.N.Y. 2000)..................................................................................6

*City of New York v. Exxon Corp.*,
    932 F.2d 1020 (2d Cir. 1991)............................................................................................8

*Colo. River Water Conservation Dist. v. United States*,
    424 U.S. 800 (1976).........................................................................................................4

*Columbia Pictures Indus. Inc. v. Schneider*,
    435 F. Supp. 742 (S.D.N.Y. 1977) ...................................................................................7

*Comedy Partners v. Street Players Holding Corp.*,
    34 F. Supp. 2d 194 (S.D.N.Y. 1999)................................................................................4

*Curtis v. Citibank*,
    226 F.3d 133 (2d Cir. 2000)..............................................................................................4

*Employers Ins. of Wausau v. Fox Entmt., Inc.*,
    522 F.3d 271 (2d Cir. 2008)...........................................................................................7, 8

*Everest Capital Ltd. v. Everest Funds Mgmt., LLC*,
    178 F. Supp. 2d 459 (S.D.N.Y. 2002)..............................................................................7

*Fagan v. Republic of Austria*,
    No. 08-CV-6715, 2009 WL 1423338 (S.D.N.Y. May 19, 2009) ...........................................11

*First City Nat'l Bank v. Simmons*,
    878 F.2d 76 (2d Cir. 1991)..............................................................................4

*Goldstein v. Time Warner New York City Cable Grp.*,
    3 F. Supp. 2d 423 (S.D.N.Y. 1998) ...............................................................11

*James v. AT & T Corp.*,
    334 F. Supp. 2d 410 (S.D.N.Y. 2004)..............................................................4

*Kappel v. Comfort*,
    914 F. Supp. 1056 (S.D.N.Y. 1996)..................................................................9

*Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*,
    342 U.S. 180 (1952)...........................................................................................4

*LaSala v. Needham & Co.*,
    399 F. Supp. 2d 421 (S.D.N.Y. 2005)..............................................................9

*MacPherson v. Town of Southampton*,
    738 F. Supp. 2d 353 (E.D.N.Y. 2010) ..............................................................8

*Maloney v. Rice*,
    130 S.Ct. 3541 (2010)........................................................................................3

*Mattel, Inc. v. Louis Marx & Co.*,
    353 F.2d 421 (2d Cir. 1965)...........................................................................6, 7

*McDonald v. Chicago*,
    561 U.S. ——, 130 S.Ct. 3020 (2010)..............................................................3

*Motion Picture Lab. Technicians Loc. 780 v. McGregor & Werner, Inc.*,
    804 F.2d 16 (2d Cir. 1986)................................................................................7

*Mount v. PulsePoint, Inc.*,
    No. 13-CV-6592, 2014 WL 902965 (S.D.N.Y. Mar. 5, 2014) .......................10

*Reliance Ins. Co. v. Six Star, Inc.*,
    155 F. Supp. 2d 49 (S.D.N.Y. 2001)..............................................................6, 7

*Riviera Trading Corp. v. Oakley, Inc.*,
    944 F. Supp. 1150 (S.D.N.Y. 1996)................................................................6, 7

*S&H Uniform Corp. v. V-Tex, Inc.*,
    No. 03-CV-4939, 2003 WL 22439644 (S.D.N.Y. Oct. 24, 2003)......................8

*SST Global Tech., LLC v. Chapman*,
    270 F. Supp. 2d 444 (S.D.N.Y. 2003)..............................................................9

*Volmar Distribs. v. N.Y. Post Co.*,
   152 F.R.D. 36 (S.D.N.Y. 1993) ............................................................................9

*WorldCrisa v. Armstrong*,
   129 F.3d 71 (2d Cir. 1997)....................................................................................9

## STATUTES

28 U.S.C. § 1404(a) ......................................................................................................7

42 U.S.C. § 1988...............................................................................................3, 5, 10

New York Penal Law § 265.00......................................................................................3

## RULES AND CONSTITUTION

Federal Rule of Civil Procedure 12 ..............................................................................3

Federal Rule of Civil Procedure 12(b)(3) ...........................................................1, 4, 6

Second Amendment of the United States Constitution...................................................2

I.   <u>PRELIMINARY STATEMENT</u>

Defendant Nicole Duvé, in her official capacity as District Attorney of the County of St. Lawrence ("Defendant"), moves under Federal Rule of Civil Procedure 12(b)(3) to dismiss Plaintiff's Complaint for improper venue under the "first-filed" rule, also known as the "federal comity" doctrine.  For over 10 years, a declaratory judgment action encompassing Plaintiff Stephen Nuccio's ("Plaintiff" or "Mr. Nuccio") claims has proceeded in the United States District Court for the Eastern District of New York ("the Maloney Litigation").  In fact, the claimant in the Maloney Litigation is Mr. Nuccio's counsel in this case.  The Maloney Litigation is well-advanced; there has been extensive briefing on motions to dismiss, the matter has been heard by both the Second Circuit and the United States Supreme Court, and the parties recently filed motions for summary judgment to dispose of the exact same relief sought in this case.

There is no reason for this case to litigate the exact same issues that are raised in the Maloney Litigation.  Rather, under the first-filed rule, sound policies of judicial economy and efficiency strongly counsel that the Eastern District of New York should resolve the issues in dispute—a result that is all the more compelling given the lack of any impact on Mr. Nuccio, the far more advanced state of the Maloney Litigation, and the effort and expense incurred to reach that point.  The Court should accordingly dismiss the present action so litigation can proceed exclusively in the forum that first took jurisdiction over the dispute.

In the alternative, Defendant respectfully requests that the Court stay the proceedings pending the outcome of the Maloney Litigation's pending motions for summary judgment, and any subsequent appeals.  Once the Eastern District of New York and the appellate courts complete their review of these questions, this Court will be able to look to those decisions rather

than utilize its limited judicial resources to re-litigate a matter that has progressed for over a decade in another court.

## II.   STATEMENT OF FACTS

On or about May 8, 2012, Plaintiff possessed in his home several devices known as nunchaku or chuka sticks, which is defined as a crime by sections 265.00 *et seq*. of New York Penal Law.  (COMPL. ¶ 6).  A New York State police officer arrived at Mr. Nuccio's home on or about May 8, 2012 to arrest him pursuant to a bench warrant.  (COMPL. ¶ 7).  The State Police officer observed five pairs of nunchaku or chuka sticks on a shelf outside Plaintiff's bedroom. (COMPL. ¶ 8).  On or about May 10, 2012, the People of the State of New York charged Plaintiff with criminal possession of a weapon in the fourth degree, a Class A misdemeanor defined at section 265.01 of New York Penal Law, based on Plaintiff's possession of the five pairs of nunchaku or chuka sticks.  (COMPL. ¶ 10).

On or about June 25, 2013, Plaintiff was tried before a jury for the crimes of criminal contempt in the first degree (a felony), criminal contempt in the second degree (a misdemeanor), and the above-described charge of criminal possession of a weapon in the fourth degree. (COMPL. ¶ 12).  Plaintiff was found guilty of the charge of criminal possession of a weapon in the fourth degree.  (COMPL. ¶ 14).

Plaintiff now brings this action against the St. Lawrence County District Attorney, seeking a declaration that New York Penal Law § 265.00 *et seq.* is unconstitutional pursuant to the Second Amendment of the United States Constitution to the extent that it prohibits the possession of nunchaku or chukka sticks.  (COMPL. ¶ 42).  Plaintiff also argues that his alleged right to possess nunchaku is guaranteed by the Ninth Amendment or is secured by the unenumerated rights provided by the Constitution.  (COMPL. ¶¶ 43-44).  Plaintiff is not

requesting that this Court overturn his conviction, and he acknowledges that the prospective declaration sought in this case will not invalidate Plaintiff's conviction.  (COMPL. ¶ 24).  Rather, Plaintiff is only seeking: (1) a declaration that New York Penal Law §§ 265.00 and 265.02 are unconstitutional; and (2) an award of attorneys' fees under 42 U.S.C. § 1988.  (COMPL. p. 11).

However, Mr. Nuccio's counsel is currently seeking the same declaration in the Maloney Litigation, which is an action he has been litigating in his *pro se* capacity in the United States District Court for the Eastern District of New York since 2003.  *See Maloney v. Rice*, No. 03-CV-786 (PKC/ARL) (E.D.N.Y); *see also* (MATTISON DECL., Ex. 2, Dkt. 1).  Mr. Nuccio's counsel commenced the Maloney Litigation by filing a Verified Complaint *sub nom Maloney v. Spitzer, et al.* on February 18, 2003.  (MATTISON DECL., Ex. 2).  And an Amended Verified Complaint was filed on September 3, 2005.  (MATTISON DECL., Ex. 2, Dkt. 42).  By Memorandum and Order, dated January 17, 2007, reported at 470 F. Supp. 2d 205, the District Court granted defendants' Federal Rule of Civil Procedure ("FRCP") 12 motions and dismissed the Amended Complaint, which led to an appeal by Mr. Nuccio's counsel.  (MATTISON DECL., Ex. 2, Dkts. 85, 94).  By opinion, dated January 28, 2009, reported at 554 F.3d 56, the United States Court of Appeals for the Second Circuit affirmed the dismissal.  A petition for *certiorari* was filed on June 26, 2009.  (MATTISON DECL., Ex. 3, ¶ 6).  On June 29, 2010, the United States Supreme Court granted *certiorari*, vacated the decision of the Second Circuit, and remanded the case for further consideration in light of *McDonald v. Chicago*, 561 U.S. ——, 130 S.Ct. 3020 (2010).  *See Maloney v. Rice*, 130 S.Ct. 3541 (2010).  By Summary Order, dated August 13, 2010, the Second Circuit vacated the judgment dismissing the action and remanded the case to the Eastern District of New York.  (MATTISON DECL., Ex. 3, ¶ 6).  Mr. Maloney then filed a

Second Amended Complaint in the Maloney Litigation on October 22, 2010.  (MATTISON DECL., Ex. 2, Dkt. 116).

The parties in the Maloney Litigation have filed and briefed their respective motions for summary judgment, seeking a determination on the exact issues raised in this case.  (MATTISON DECL., Ex. 2, Dkts. 131-143).

## III.   DEFENDANT IS ENTITLED TO DISMISSAL UNDER THE FIRST-FILED DOCTRINE

Defendant moves under FRCP 12(b)(3) to dismiss Plaintiff's Complaint for improper venue under the "first-filed" rule, also known as the "federal comity" doctrine.  It is well-settled that where there are two competing lawsuits, the first-filed suit should take priority and the second should not proceed.  *See First City Nat'l Bank v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1991).  Under this first-filed rule or federal comity doctrine, a district court will ordinarily decline to hear an action when a previously filed case presents overlapping issues and parties, "absent the showing of balance of convenience . . . or . . . special circumstances . . . giving priority to the second."  *Id.* at 54.  The first-filed rule advances judicial economy and protects parties from the risk of unnecessary expense and inconsistent judgments arising from duplicative litigation.  *See Comedy Partners v. Street Players Holding Corp.*, 34 F. Supp. 2d 194, 195-96 (S.D.N.Y. 1999).  It promotes "[w]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation."  *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952).

"As part of its general power to administer its docket, a district court may stay or dismiss a suit that is duplicative of another federal court suit."  *Curtis v. Citibank*, 226 F.3d 133, 138 (2d Cir. 2000) (citing *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1976)).  "The complex problems that can arise from multiple federal filings do not lend

themselves to a rigid test, but require instead that the district court consider the equities of the situation when exercising its discretion." *Id.* "[T]hough no precise rule has evolved, the general principle is to avoid duplicative litigation." *James v. AT & T Corp.*, 334 F. Supp. 2d 410, 411 (S.D.N.Y. 2004) (quoting *Colo. River Water Conservation Dist.*, 424 U.S. at 817) (internal alteration and quotation marks omitted).

The requested relief and the penal statutes at issue here are also at issue in the previously filed Maloney Litigation. A review of paragraphs 1-5, 18-19, 21, 23, 25-39, and 41-48 in Mr. Nuccio's Complaint show that they are almost identical to the allegations made in the Second Amended Verified Complaint in the Maloney Litigation. (MATTISON DECL., Exs. 1, 3). In fact, the first two causes of action in the Maloney Second Amended Verified Complaint and the two causes of action in the instant Complaint are identical, as is the Wherefore clause's enunciation of the declaration being sought. (MATTISON DECL, Exs. 1, 3).

The fact that Mr. Nuccio is not a party to the Maloney Litigation is of no moment because he is not seeking any relief specific to himself. (COMPL. ¶ 24) ("Plaintiff is not requesting that this court overturn his conviction in state court, nor would the prospective declaration sought in this case invalidate Plaintiff's conviction . . . ."). If the plaintiff is successful in the Maloney Litigation, Mr. Nuccio will receive all of the relief he is requesting – i.e., the statutes will have been declared invalid. The only difference between the Maloney Litigation and this case is that Defendant will be subject to an attorneys' fees claim under 42 U.S.C. § 1988. But counsel's second attempt at attorneys' fees on the same issue should not be a catalyst for allowing this duplicative litigation to persist. In fact, if this litigation were to move forward, it would run the risk of creating inconsistent determinations on the same issue. Better to have one voice on the subject. If counsel disagrees with the decision on the pending motions

for summary judgment in the Maloney Litigation, then his recourse is to appeal to the Second Circuit, rather than take a second bite at the apple in this District.

Under these circumstances, the first-filed rule counsels that this Court defer to the previously filed Maloney Litigation.  There is no prejudice to Plaintiff if this Court applies the principles of judicial comity.  Not only will Mr. Nuccio have his relief determined through the Maloney Litigation, he will also benefit from the extensive briefing and appeals already conducted.  In fact, there is a "strong presumption in favor of the forum of the first-filed suit." *800-Flowers, Inc. v. Intercontinental Florist, Inc.*, 860 F. Supp. 128, 131 (S.D.N.Y. 1994). Accordingly, the burden is on the party opposing application of the first-filed rule to establish that special circumstances or the balance of convenience justify allowing a later-filed suit to proceed.  *Citigroup, Inc. v. City Holding Co.*, 97 F. Supp. 2d 549, 555-56 (S.D.N.Y. 2000).  As shown below, Mr. Nuccio cannot meet that burden here.  Defendant therefore respectfully requests that the Court dismiss this action for improper venue under FRCP 12(b)(3).

### a.  *Special Circumstances Do Not Exist*

Notwithstanding the first-filed rule, a later-filed suit might be granted priority over the first-filed suit where "special circumstances" warrant it.  The special circumstances that have been found sufficient to override the first-filed rule are few.  For example, special circumstances have been found where the first-filed suit was against the customer of an alleged patent infringer, while the second suit involved the infringer directly.  *See Mattel, Inc. v. Louis Marx & Co.*, 353 F.2d 421, 424 n.4 (2d Cir. 1965).  They have also been found where the first suit was an improper anticipatory declaratory judgment action.  *See Reliance Ins. Co. v. Six Star, Inc.*, 155 F. Supp. 2d 49, 55 (S.D.N.Y. 2001).  Finally, special circumstances have been found where forum-

shopping alone motivated the plaintiff's choice of the forum for the first suit.  *See Riviera Trading Corp. v. Oakley, Inc.*, 944 F. Supp. 1150, 1158 (S.D.N.Y. 1996).

Here, none of the recognized "special circumstances" exist.  This is a declaratory judgment action, not a patent infringement action as in *Mattel*.  Nor is it an anticipatory declaratory judgment action as in *Reliance*.  Finally, Defendant's motion does not constitute forum-shopping as in *Riviera Trading*; rather, Defendant seeks dismissal to foster the bounds of judicial economy because Plaintiff's interests are already being represented in the Eastern District of New York.  Accordingly, there is no basis to override the first-filed rule because of any "special circumstances."

### b.  The Balance of Convenience Strongly Favors Dismissal

Under the first-filed rule, the presumption is that the first-filed case will be the one to proceed.  However, a later-filed suit could be granted priority if the "balance of convenience" clearly favors it.  *Motion Picture Lab. Technicians Loc. 780 v. McGregor & Werner, Inc.*, 804 F.2d 16, 19 (2d Cir. 1986); *see also Columbia Pictures Indus. Inc. v. Schneider*, 435 F. Supp. 742, 751 (S.D.N.Y. 1977) (stating that an even or inconclusively tilted "balance of convenience" will not override application of the first-filed rule).

In assessing where the balance lies, the Second Circuit instructs district courts to consider the factors applied on a motion to transfer venue under 28 U.S.C. § 1404(a).  *Employers Ins. of Wausau v. Fox Entmt., Inc.*, 522 F.3d 271, 275 (2d Cir. 2008); *see also Everest Capital Ltd. v. Everest Funds Mgmt., LLC*, 178 F. Supp. 2d 459, 465 (S.D.N.Y. 2002).  The key factors are:  (1) the plaintiff's choice of forum; (2) the convenience of witnesses; (3) the location of relevant documents and relative ease of access to sources of proof; (4) the convenience of the parties; (5) the locus of operating facts; (6) the availability of process to compel the attendance of unwilling

witnesses; (7) the relative means of the parties; (8) the forum's familiarity with the governing law; and (9) trial efficiency and the interests of justice, based on the totality of the circumstances. *Employers Ins.*, 522 F.3d at 275; *Albert Fadem Trust v. Duke Energy Corp.*, 214 F. Supp. 2d 341, 343 (S.D.N.Y. 2002). Based on the nature of this case, and because Mr. Nuccio is not seeking any individual relief, the interests of justice appear to be the only factor applicable and it establishes that the balance of convenience strongly favors dismissal of this action.

In *City of New York v. Exxon Corp.*, 932 F.2d 1020, 1026 (2d Cir. 1991), for example, the Second Circuit placed great weight on judicial economy. There, the Second Circuit upheld a district court's injunction against litigation in another district because the two cases in question involved identical issues, and the court had already spent considerable time and effort on the case. *Id.* The Second Circuit stated that "[j]udicial economy argues that two courts should not expend their energies on this matter." *Id.*; *see also BBC Int'l Ltd. v. Lumino Designs, Inc.*, 441 F. Supp. 2d 438, 446 (E.D.N.Y. 2006) (avoidance of duplicative litigation and inconsistent judgments are important factors in requests to transfer venue); *S&H Uniform Corp. v. V-Tex, Inc.*, No. 03-CV-4939, 2003 WL 22439644, at *2 (S.D.N.Y. Oct. 24, 2003) (finding progress of first-filed case relevant to determination of potential efficiency gains).

Here, judicial economy again strongly favors the far more advanced Maloney Litigation, which has proceeded well beyond its initial stages, seen extensive motion practice, been to the Second Circuit and Supreme Court, and currently at a point in the case where motions for summary judgment are pending. (MATTISON DECL., Ex. 2, Dkts. 131-143).

Therefore, Defendant is entitled to dismissal of this matter under the first-filed doctrine. *See, e.g., MacPherson v. Town of Southampton*, 738 F. Supp. 2d 353, 374 (E.D.N.Y. 2010)

(dismissing plaintiff's claim seeking declaratory relief for an allegedly unconstitutional law where the plaintiff had a separate action pending that sought the same relief).

## IV.    IN THE ALTERNATIVE, DEFENDANT SEEKS A STAY OF THIS ACTION

In the event that this Court wishes to retain jurisdiction over this action, Defendant respectfully requests that the Court stay proceedings here until the outcome of the motions for summary judgment and any subsequent appeals in the Maloney Litigation.

"[D]istrict courts . . . may stay a case pursuant to the power inherent in every court to control the disposition of the cases on its docket with economy of time and effort for itself, for counsel, and for litigants." *WorldCrisa v. Armstrong*, 129 F.3d 71, 76 (2d Cir. 1997) (citation omitted).  In determining whether to enter a stay pending a related case, courts have frequently applied a five-factor test, which looks to: (1) the private interests of the plaintiffs in proceeding expeditiously with the civil litigation; (2) the private interests of and burden on the defendants; (3) the interests of the courts; (4) the interests of persons not parties to the civil litigation; and (5) the public interest.  *See LaSala v. Needham & Co.*, 399 F. Supp. 2d 421, 427 (S.D.N.Y. 2005) (quoting *Kappel v. Comfort*, 914 F. Supp. 1056, 1058 (S.D.N.Y. 1996)).  This test "has been applied to stay a federal action in light of a concurrently pending federal action (either because the claim arises from the same nucleus of facts or because the pending action would resolve a controlling point of law) . . . ." *SST Global Tech., LLC v. Chapman*, 270 F. Supp. 2d 444, 445 (S.D.N.Y. 2003).  The principal purpose of this five-factor test is "to avoid prejudice." *Volmar Distribs. v. N.Y. Post Co.*, 152 F.R.D. 36, 39 (S.D.N.Y. 1993).

In this matter, it appears that Mr. Nuccio has no private interest in proceeding expeditiously, as the Court in the Maloney Litigation is likely to reach a result much quicker than would ever be possible in this case.  On the contrary, there is a significant amount of prejudice to

the Defendant if she would have to litigate this matter, by way of unnecessary time and expense. That would be compounded by the fact that if this unnecessary, duplicative litigation moves forward, and Mr. Nuccio is successful in his assertion, Defendant would be subject to a §1988 claim for attorneys' fees that can all be avoided by dismissal or a stay.

In recognition of the fact that the Eastern District of New York, and likely the Second Circuit, will be ruling on issues dispositive in this case, it is in the best interest of this Court to await the summary judgment decision in the Maloney Litigation and any subsequently filed appeals. Failure to do so could well lead to unnecessary litigation that is time-consuming for this Court. By conserving judicial resources, a stay will serve not only the interest of the courts, but also the interests of the parties, the nonparties, and the public in an orderly and efficient use of judicial resources.

In the case of *Mount v. PulsePoint, Inc.*, plaintiffs filed a class action against defendant. No. 13-CV-6592, 2014 WL 902965, at *1 (S.D.N.Y. Mar. 5, 2014). At the time the case was filed, a multidistrict litigation involving different parties, but similar facts and claims, was pending in the District Court for the District of Delaware. *Id.* Because an appeal in a MDL was pending before the Third Circuit Court of Appeals, with briefing having begun, defendant sought to have the Court to stay the case pending the outcome of that appeal. *Id.* Plaintiffs opposed this request and urge the Court to allow the case to proceed without further delay. *Id.* The *Mount* court determined that a stay was warranted "because the facts and legal issues presented in this case overlap extensively with those in the Google MDL." *Id.* The court went on to determine that "[r]esolution of these issues by the Third Circuit in the Google MDL will offer valuable guidance in the present case." *Id.* at *2 (citing *Luv n' Care, Ltd. v. Regent Baby Prods. Corp.*, No. 10-CV-9492, 2014 WL 572524, at *1 (S.D.N.Y. Feb. 13, 2014) (holding that courts may

stay a case "pending the outcome of proceedings which bear upon the case, even if such

proceedings are not necessarily controlling of the action that is to be stayed if such a stay would

be in the interests of judicial economy"); *Catskill Mts. Chapter of Trout Unlimited, Inc. v. United*

*States EPA*, 630 F. Supp. 2d 295, 304-05 (S.D.N.Y. 2009) ("While the Eleventh Circuit's

decisions in Friends of the Everglades and in the Consolidated Petitions will not necessarily be

binding on this Court, resolution of those cases may guide this Court in ruling on the key issues

in this litigation.") (internal quotation marks, brackets, and ellipses omitted); *Goldstein v. Time*

*Warner New York City Cable Grp.*, 3 F. Supp. 2d 423, 438–39 (S.D.N.Y. 1998) (staying

proceedings pending D.C. Circuit's ruling on an issue substantially related to one before the

court).  "A stay will allow the parties to address the Third Circuit's analysis of these issues when

briefing [defendant's] anticipated motion to dismiss, and will provide the Court a more solid

foundation on which to rule.  Furthermore, a stay will only temporarily delay proceedings, and

because the central dispute in this case is one of law, and not one that can be compromised by

unavailable witnesses, fading memories, or lost documents, there will be little prejudice to

plaintiffs." *Mount*, 2014 WL 902965, at *3.

The Maloney Litigation has been pending for more than 10 years, has been heard and

remanded by both the Second Circuit and United States Supreme Court, and there are currently

motions for summary judgment pending to decide the propriety of a complaint that is almost

identical to the one at bar.  Therefore, should the court deem it necessary to retain jurisdiction

over this matter, it would behoove judicial economy and resources to stay this proceeding

pending a final outcome of the Maloney Litigation. *See Fagan v. Republic of Austria*, No. 08-

CV-6715, 2009 WL 1423338, at *4 (S.D.N.Y. May 19, 2009) (granting stay where "a number of

claims in the complaint are intimately connected to claims currently on appeal before the Second Circuit").

V.   **CONCLUSION**

For the reasons discussed above, Defendant respectfully requests that the Court grant its motion to dismiss the Complaint, or in the alternative, stay the proceedings.

**DATED:**   April 30, 2014

HANCOCK ESTABROOK, LLP

By:   s/ Zachary M. Mattison
Zachary M. Mattison (Bar Roll No. 514407)
*Attorneys for Defendant*
1500 AXA Tower 1
100 Madison Street
Syracuse, New York 13202
Tel:  (315) 565-4500