```
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
----------------------------------------------------------------------X

STEPHEN NUCCIO,
                              Plaintiff,
             - against -                                    7:13-CV-1556 (MAD) (TWD)

NICOLE DUVÉ, in her official capacity as District
Attorney of the County of Saint Lawrence, New York          DECLARATION
                                                            OF STEPHEN NUCCIO
                              Defendant.

----------------------------------------------------------------------X
```

STEPHEN NUCCIO declares under penalty of perjury as follows:

1. I am the Plaintiff in the above-captioned action.  I submit this Declaration in opposition to the Defendant's motion to dismiss or stay this action.

2. After being convicted in June 2013 of a misdemeanor for possession of nunchaku ("chuka sticks") in my home, I did some research online and learned of the case currently entitled *Maloney v. Rice*, in which James M. Maloney was and is challenging New York's ban on possession of nunchaku in one's own home.

3. I sought the assistance of Mr. Maloney, whom I had not known before my trial or conviction, because of his involvement in that case.

4. I understand that the Defendant in this case is now moving to dismiss it on the basis that Mr. Maloney's case, *Maloney v. Rice*, addresses some of the same legal issues as this one and because Mr. Maloney is my attorney in this case.

5. If this case is dismissed on that basis, it would effectively mean that I am being denied my choice of counsel because the attorney I have chosen was already litigating, on his own behalf, a case with issues common to mine.

6. I believe that result would be unfair, since it would have the effect of denying me my

free choice of an attorney, and would do so where the attorney I have chosen to represent me has more experience than most in certain legal issues relevant to my case.

7. There are no parties common to both cases. Mr. Maloney is not a party to this action. He is my attorney.

8. As for a stay of this action to await the results of *Maloney v. Rice*, I also believe that would be unfair because I am seeking redress from this Court that would enable me to possess nunchaku in my home, which I believe to be my constitutional right. It is my understanding that, under New York law, I could be charged with a felony if I were to possess nunchaku in my home again, because I have already been convicted of the misdemeanor of possession of "chuka sticks" (nunchaku) in my home. It is my further understanding that the results of *Maloney v. Rice*, even if favorable to Mr. Maloney, would not restore the right I am seeking because that case does not and cannot challenge the felony provision in New York's ban on possession of "chuka sticks."

9. Accordingly, I urge this Court not to dismiss or stay this action.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: May 29, 2014

_____
STEPHEN NUCCIO