# APPENDIX

(Re: commonality of parties in <u>all</u> cases cited in Movant's Brief; see also footnote 4 in Plaintiff's Brief)

| Case title and citation | Description of commonality of parties; other comments |
|---|---|
| *Curtis v. Citibank, N.A.*, 226 F.3d 133 (2d Cir. 2000) | The same plaintiffs, Brenda Curtis and Alvin Williamson, brought two successive actions in S.D.N.Y.  The Second Circuit noted that "by filing *Curtis II* the plaintiffs were clearly trying to avoid losing their claims—which was the effect of the denial of leave to amend the *Curtis I* first amended complaint,"  226 F.3d at 140. |
| *James v. AT & T Corp.*, 334 F. Supp. 2d 410 (S.D.N.Y. 2004) | Two class actions were brought against the same defendant in the same court.  The court wrote: "The putative classes in *Leykin* and *James* are composed of the same members, and are organized to vindicate the same rights.  Mr. Leykin and Mr. James represent precisely the same interests, and each is a member of the putative class in both *Leykin* and *James*."  334 F. Supp. 2d at 411. |
| *800-Flowers, Inc. v. Intercontinental Florist, Inc.*, 860 F. Supp. 128 (S.D.N.Y. 1994) | Twenty days after Intercontinental Florist had filed a declaratory judgment action against 800-Flowers in Florida, 800-Flowers filed suit in S.D.N.Y., asserting claims of trademark infringement and unfair competition under the Lanham Act.  *See* 860 F. Supp. at 131. |
| *Citigroup Inc. v. City Holding Co.*, 97 F. Supp. 2d 549 (S.D.N.Y. 2000) | Five weeks after S.D.N.Y. lawsuit was filed, and before City Holding had responded to it, City Holding filed a parallel lawsuit against Citigroup and Citicorp in the Southern District of West Virginia.  *See* 97 F. Supp. 2d at 554. |
| *Mattel, Inc. v. Louis Marx & Co.*, 353 F.2d 421 (2d Cir. 1965) | On December 18, 1964, Marx filed suit against Mattel in the District of New Jersey seeking a declaratory judgment.  On December 23, 1964, Mattel brought suit against Marx in the Southern District of New York alleging "wilful and wanton" trademark and patent infringement. |
| *Reliance Ins. Co. v. Six Star, Inc.*, 155 F. Supp. 2d 49 (S.D.N.Y. 2001) | Reliance Insurance Company sought a declaratory judgment against Six Star, Inc. and two other defendants in S.D.N.Y. concerning the respective obligations of Reliance and Six Star under a certain insurance policy. As the Court noted, 155 F. Supp. 2d at 52, "an identical action filed by Six Star against Reliance [was] currently pending" in the Middle District of Florida. |

| *Riviera Trading Corp. v. Oakley, Inc.*, 944 F. Supp. 1150 (S.D.N.Y. 1996) | Riviera Trading Corp. filed a declaratory relief action against Oakley, Inc. in S.D.N.Y. on June 3, 1996. On June 7, 1996, Oakley filed an action for patent infringement in the Southern District of California, entitled *Oakley, Inc. v. J.C. Penney, Inc., The May Department Stores Company, Inc. dba Robinsons–May, Mervyns, Inc. and Riviera Trading Corporation*. |
|---|---|
| *Motion Picture Laboratory Technicians Local 780 v. McGregor & Werner, Inc.*, 804 F.2d 16 (2d Cir. 1986) | McGregor & Werner (the "Company") and Motion Picture Laboratory Technicians Local 780 (the "Union") jointly submitted a dispute to arbitration. The arbitrator ruled in favor of the Union. The Company moved in the Middle District of Florida to have the arbitration ruling set aside. The Union then filed suit in the S.D.N.Y. to have the arbitrator's decision confirmed. |
| *Columbia Pictures Industries, Inc. v. Schneider*, 435 F. Supp. 742 (S.D.N.Y. 1977) | Columbia Pictures Industries, Inc. sued Berton Schneider and other defendants in S.D.N.Y. for a declaratory judgment that Columbia had not, alone or in concert with ABC Television, violated the anti-trust laws or breached its contract with the defendants or otherwise violated their rights in connection with its marketing for national network broadcast of the motion picture film, *The Last Picture Show*. In the S.D.N.Y. action, Columbia also sought a preliminary injunction restraining the same defendants from prosecuting an action that they had filed in the Central District of California, which sought damages and injunctive relief against Columbia and ABC for anti-trust violations, breach of contract, violation of fiduciary duty, and conspiracy to defraud. Columbia argued that since its action in S.D.N.Y. was filed six days before the defendants' action in California, the California proceedings should be enjoined. |

| | |
|---|---|
| *Employers Ins. of Wausau v. Fox Entertainment Group, Inc.*, 522 F.3d 271 (2d Cir. 2008) | On July 6, 2004, a class action against Fox Film, Fox Television, and the New World Entities was filed in the United States District Court for the Central District of California. Captioned *East et al. v. Twentieth Century Fox Film Corporation et al.*, the action was brought on behalf of all owners of copyrighted musical compositions and sound recordings used in the television program *Santa Barbara* without the owners' permission.  on February 28, 2006, Employers Insurance of Wausau and other insurers commenced an action in S.D.N.Y. naming Fox Entertainment, Fox Film, and Fox Television, but not the New World Entities, as defendants. The insurers sought a declaratory judgment that they had no obligations to the three named defendants relating to the *East* action because the latter had breached certain provisions of the policies. On March 24, 2006, Fox Film, Fox Television, and the New World Entities filed a complaint of their own in the Superior Court of California, seeking damages for breach of contract and tortious breach of the implied duty of good faith and fair dealing, and a declaration that the insurers were obligated to provide coverage for the *East* action. That action was subsequently removed to the Central District of California on April 21, 2006. On May 30, 2006, the insurers filed an amended complaint in the S.D.N.Y. declaratory judgment action, adding the New World Entities and News Corp. as defendants. |
| *Everest Capital Ltd. v. Everest Funds Management, L.L.C.*, 178 F. Supp. 2d 459 (S.D.N.Y. 2002) | On May 18, 2001, Everest Funds Management ("EFM") filed in the District of Nebraska, but did not serve, a complaint in an action against Everest Capital, seeking declaratory judgment on the issue of EFM's use of the term "Everest."  On May 23, 2001, Everest Capital commenced an action against EFM in S.D.N.Y., seeking damages and injunctive relief. |
| *Albert Fadem Trust v. Duke Energy Corp.*, 214 F. Supp. 2d 341 (S.D.N.Y. 2002) | This was not a "first-filed" or "federal comity" case *per se.*  It did, however, involve multiple cases with commonality of parties.  The court began its opinion:  "As of July 26, 2002, no fewer than twelve federal securities actions have been filed in the Southern District of New York (and consolidated before this Court) against Duke Energy Corporation (a North Carolina corporation with its principal place of business in Charlotte), several of its officers and directors, its outside auditors Deloitte & Touche, LLP, and certain underwriters of recent offerings of Duke Energy's securities. Defendants move to transfer all cases filed in the Southern District of New York to the Western District of North Carolina." |

| | |
|---|---|
| *City of New York v. Exxon Corp.*, 932 F.2d 1020 (2d Cir. 1991) | The City of New York commenced an action in S.D.N.Y. against Refinemet International, Inc. ("Refinemet') and 14 other corporate defendants, including Exxon, in March of 1985 pursuant to the Comprehensive Environmental Response, Compensation, and Liability Act (CERCLA) to recover the costs of removing from several of its landfills certain hazardous substances contained in industrial wastes generated by these defendants.  In October of 1987 Refinemet filed for reorganization under Chapter 11 of the Bankruptcy Code in the Central District of California, which action was referred to the Bankruptcy Court under 28 U.S.C. § 157(a). On March 30, 1990, Judge Conboy of S.D.N.Y., finding the automatic stay in bankruptcy inapplicable to the City's action, granted the City's summary judgment motion as to Refinemet's liability, and enjoined the parties from litigating the remaining damage issues in the California bankruptcy proceeding. |
| *BBC Intern. Ltd. v. Lumino Designs, Inc.*, 441 F. Supp. 2d 438 (E.D.N.Y. 2006) | As part of its efforts to enforce a patent, Lumino Designs filed suit in the Northern District of Illinois on June 24, 2005, against a number of retailers that it alleged infringed on its patent by selling shoes including the "light up" feature, not yet including BBC.  On September 1, 2005, BBC filed suit in E.D.N.Y., seeking a declaratory judgment that the same patent was invalid or that there was no infringement of the patent by the "lighted shoe products" it carried.  On November 8, 2005, Lumino amended its complaint in the Illinois action to add patent infringement claims against BBC. |
| *S & H Uniform Corp. v. V-Tex*, 2003 WL 22439644 (S.D.N.Y. Oct. 24, 2003) | S & H Uniform Corp. initiated an action against V-Tex by filing a summons, but not a complaint, in New York State court on June 4, 2003.  V-Tex, the defendant, removed that action to S.D.N.Y. on July 2, 2003.  The first actual complaint filed was that filed by V-Tex against S & H Uniform Corp. in the Northern District of Illinois, on July 21, 2003. |
| *MacPherson v. Town of Southampton*, 738 F. Supp. 2d 353 (E.D.N.Y. 2010) | Movant's Brief contains a parenthetical indicating the commonality of the parties in this case, *see id.* at 9 ("dismissing plaintiff's claim seeking declaratory relief for an allegedly unconstitutional law where the plaintiff had a separate action pending that sought the same relief"). |