```
                                                                    1

 1                 UNITED STATES DISTRICT COURT
                   EASTERN DISTRICT OF NEW YORK
 2
       - - - - - - - - - - - - - - X
 3
         MALONEY,                       :    03-CV-786(PKC)
 4                                      :
                Plaintiff,              :    U.S. Courthouse
 5                                      :    Brooklyn, New York
                                        :
 6                                      :    TRANSCRIPT OF
              -against-                 :    STATUS CONFERENCE
 7                                      :
                                        :
 8                                      :    October 24, 2013
                                        :    12:05 p.m.
 9       RICE,                          :
                                        :
10              Defendant.              :
       - - - - - - - - - - - - - - X
11
       BEFORE:
12                   HONORABLE PAMELA K. CHEN, U.S.D.J.

13     APPEARANCES:

14     For the Plaintiff:      JAMES MALONEY, ESQ.-PRO SE

15

16

17     For the Defendant:      LIORA BEN-SOREK, ESQ.
                               Asst. County Attorney-Nassau County
18

19

20

21     Court Reporter:     Holly Driscoll, CSR
                           Official Court Reporter
22                         225 Cadman Plaza East
                           Brooklyn, New York 11201
23                         (718) 613-2274

24
       Proceedings recorded by mechanical stenography, transcript
25     produced by Computer-Assisted Transcript.
```

1   THE COURT:  Good afternoon to you both.  Sorry we
2 are a few minutes late here.
3   MR. MALONEY:  Good afternoon, Your Honor.  I'll
4 state my appearance, James Maloney, pro se plaintiff, also an
5 attorney admitted to this court.
6   THE COURT:  I'm going to make one request, please
7 speak very slowly for our court reporter.
8   MR. MALONEY:  Very slowly, I will do my best.
9   THE COURT:  I will too.
10   And for the county?
11   MS. BEN-SOREK:  And for the defendant, District
12 Attorney Kathleen Rice, this is Deputy County Attorney Liora
13 Ben-Sorek, B E N - S O R E K.
14   THE COURT:  Could you spell that again, B E N.
15   MS. BEN-SOREK: - S O R E K.
16   THE COURT:  Ben Sorek.
17   Good afternoon to you both.  You can have a seat.
18 Now, this is a fairly unusual case that was in a state of
19 repose for a little bit until we sent out an order for a
20 status report and we obviously got more than what we had
21 counted on in a way in that the case has a very interesting
22 history and it now presents itself at a very interesting
23 stage.
24   I'll tell you what I think needs to happen next and
25 then you can give me your feedback.  The case obviously

1  initially was ruled upon by Judge Spatt with respect to
2  several issues including the Second Amendment issue, a Ninth
3  Amendment issue and a Fourteenth Amendment issue.  What ended
4  up happening, of course, is the case got appealed after Judge
5  Spatt dismissed the action and the Second Circuit affirmed on
6  the Second Amendment and Fourteenth Amendment issue.  That
7  then went up to the Supreme Court and the Supreme Court in the
8  interim had decided McDonald and because Judge Spatt and the
9  Second Circuit's ruling was based on the inapplicability of
10 the Second Amendment to the states, it ran afoul of McDonald
11 and then was sent back by the Supreme Court to the Second
12 Circuit which then I think fairly promptly sent it back to me
13 because Judge Spatt is no longer on the case.
14         So, where I perceive that we are is that there needs
15 to be briefing on the Second Amendment issue.  Now, I should
16 note that Mr. Maloney in the interim between the time that the
17 case I think was referred -- after actually the case -- yes,
18 after the case was referred back by the Supreme Court,
19 Mr. Maloney filed a second amended complaint and he added an
20 additional count or cause of action relating to the disclosure
21 of information about an allegation of child abuse.  Is that
22 correct, Mr. Maloney?
23         MR. MALONEY:  It's correct that the complaint was
24 amended.  You're asking me just about the last part about the
25 whole synopsis, because I might have a few points?

1  THE COURT: Hold off, that was a seriously compound
2  question for you. Hold on. So, right now we have an amended
3  complaint in front of us that has as a first cause of action
4  the same Second Amendment argument that the nunchuks are
5  protected by the Second Amendment in terms of his individual
6  right to possess them. The second cause of action takes issue
7  with the criminalization and for that you are alleging,
8  Mr. Maloney, that it's by virtue of the Ninth Amendment due
9  process, as recognized in Lawrence versus Texas, and the
10 Fourteenth Amendment, the general notion that there are rights
11 that individuals have by virtue of the Fourteenth Amendment;
12 and then your third cause of action is this allegation
13 relating to the disclosure by the D.A.'s Office in its
14 appellee brief about the charge or the allegation of child
15 abuse. Okay. So, those are the three counts.
16       Have I correctly stated those, Mr. Maloney?
17       MR. MALONEY: You correctly stated the counts and
18 I just wanted to add that there had been in the original
19 complaint a cause of action based on the First Amendment
20 that Judge Spatt dismissed that I have abandoned, so that's
21 off the table.
22       THE COURT: I'm aware of that. Okay. What I'm
23 also wondering though is with respect to this third cause
24 of action, there has been some dispute over discovery that
25 relates to that third cause of action and most recently the

1  magistrate denied you, Mr. Maloney, discovery with respect to
2  D.A. Rice herself, in other words, a deposition of the
3  District Attorney.  It appeared to me in some of your last
4  submissions that you felt you may not be able to pursue your
5  third cause of action without some of the discovery that you
6  were denied; is that correct?
7               MR. MALONEY:  Well, I'm prepared either way with
8  that.  Obviously my first preference was to depose D.A. Rice.
9  That having been ruled on, I believe that the record is
10 sufficient for me to make a summary judgment motion, a partial
11 summary judgment motion on the issue of liability.
12              THE COURT:  Okay.  Now, did you want to add anything
13 at all, Ms. Ben-Sorek, just in terms of the history?
14              MS. BEN-SOREK:  Notwithstanding the defendant's
15 recent request for discovery, the history as stated by the
16 Court we don't take any issue with.
17              THE COURT:  Okay.  So, with respect to your current
18 complaint, Mr. Maloney, here's how I see it, I believe that
19 Judge Spatt has already ruled on the Ninth Amendment issue and
20 the Fourteenth Amendment issue, as did the Second Circuit on
21 the Fourteenth Amendment issue.  I do not perceive that the
22 Supreme Court decision remanding the case altered either of
23 those findings.  Rather, the Supreme Court really ruled or
24 solely ruled on the Second Amendment issue in remanding it
25 saying that the Second Amendment does apply to the states,

1  therefore, it's being sent back to the Second Circuit, and
2  then also to me to decide that issue.  That's what I think
3  remains of your complaint about the nunchuks at this point in
4  time.  And then you have this additional complaint about the
5  disclosure of the information about the alleged child abuse.
6          So, in terms of briefing, I think those are the two
7  issues that have to be briefed, summary judgment, as you
8  mentioned, if you're seeking it on the third cause of action,
9  and then the question presented by the first cause of action
10 about the applicability of the Second Amendment to nunchuks.
11         MR. MALONEY:  To possession of nunchaku within the
12 home, yes, strictly in the home and I always want to make that
13 point very clear.
14         THE COURT:  Understood.
15         MR. MALONEY:  And that indeed relates to my
16 unenumerated rights argument.  I would respectfully have to
17 disagree that the Supreme Court's order did not reopen the
18 second cause of action only because it was a vacatur of the
19 entire order.  However, I agree with Your Honor fully that the
20 best argument to pursue in the summary judgment motion now
21 that the Second Amendment has been invigorated is that one and
22 so I would couch my briefing in terms of simply making that
23 motion noting that I would take the position that I have the
24 other argument but I will not brief that.
25         THE COURT:  I appreciate you pursuing the more

1  efficient course and I agree with you on that, that perhaps
2  there could be some debate, although ultimately I think I
3  would come down on the side of saying that the only issue
4  remaining is the Second Amendment, but we are in agreement
5  that I think that is a more not only interesting but
6  potentially viable avenue for you in terms of your first and
7  second causes of action.  So, I'd like to set up a briefing
8  schedule assuming that both parties agree that we really need
9  to move towards the dispositive phase of this case.
10         So, you will presumably start I think, Mr. Maloney,
11 so how much time would you need?
12         MR. MALONEY:  About four to five weeks, late
13 November would be fine.
14         THE COURT:  Yes, I will actually give you some more
15 time because just I'm thinking about my own schedule, we have
16 a lot of motions pending, so I'd rather give you the time to
17 prepare it than rather us not respond to it.
18         So, how about mid-December 15th or somewhere there
19 about?
20         THE CLERK:  The 16th falls on a Monday.
21         THE COURT:  How about the 16th of December to serve
22 your initial brief on your opposing counsel?
23         MR. MALONEY:  Right.  And Your Honor has a bundle
24 rule, so that will not be filed at that time.
25         THE COURT:  That's correct.

1   MR. MALONEY:  May I request since this is two rather
2 big issues that I be granted 40 pages for that brief?
3   THE COURT:  Yes.  Yes.
4   MR. MALONEY:  Thank you.  And I have a concession to
5 make as well, I was also challenging the applicability of
6 265.02 of the Penal Law.
7   THE COURT:  Right.
8   MR. MALONEY:  I really have to concede I don't have
9 standing, I'm happy to say I don't have standing, that only
10 applies to persons who have been convicted of a misdemeanor.
11 So, that is off the table and that will not be in there.  So,
12 I just note that primarily for my opponent that it is not
13 going to be something that we need to deal with.
14   THE COURT:  I appreciate that and, quite frankly, I
15 was treating it as somewhat subsumed by the Second Amendment
16 argument.  You make a good point that specifically you don't
17 have standing.  Okay.  Terrific.
18   How much time would you like?
19   MS. BEN-SOREK:  Well, we'd also like to cross-move,
20 Your Honor, so I don't know if you want each party to serve on
21 the other their briefs by the 16th, or how do you prefer it?
22   THE COURT:  It is interesting.  My preference was
23 always to have them simultaneous but the parties have often
24 told me, and I'm happy to do whatever works best for you, is
25 that it is sometimes better to stagger it, that it is probably

1  difficult from your point of view to both respond to and to
2  file a motion, you know, to craft a motion while you're
3  responding to another.
4  　　　　　So, why don't we do this, let's have them run on
5  separate tracks slightly.  So, Mr. Maloney is serving on
6  December 16th.
7  　　　　　How about giving you a month to respond or do you
8  want more time given it --
9  　　　　　MS. BEN-SOREK:  Five weeks in light of the extra
10 number of pages.
11 　　　　　THE COURT:  Sure, and you'll have an equal number of
12 pages.  So, five weeks -- you also have the holidays in the
13 interim.
14 　　　　　THE CLERK:  January 20th.
15 　　　　　THE COURT:  Is that enough time for you?
16 　　　　　MS. BEN-SOREK:  I'll make it enough time.
17 　　　　　THE COURT:  Why don't we make it the 27th.  I'm
18 anticipating, because it is almost two weeks in the interim
19 where -- I don't know what your work habits are but often
20 times people aren't around as much.  So, January 27th for your
21 response.
22 　　　　　And then would you like another month, Mr. Maloney,
23 to reply?
24 　　　　　MR. MALONEY:  That would be fine, Your Honor.
25 　　　　　THE COURT:  Okay.

Case 7:13-cv-01556-MAD-TWD   Document 22-1   Filed 06/13/14   Page 10 of 16

10

1  THE CLERK:  February 27th.
2  THE COURT:  February 27th.  So, now let's go back to
3  you, Ms. Ben-Sorek, and when would you like to file your
4  initial motion for summary judgment?  I mean these have to be
5  related, though I'm not sure will it be any different than
6  responding to his motion.  I don't know, I'm just thinking as
7  I'm sitting here, what is it going to look like that will be
8  different.
9  MS. BEN-SOREK:  In a sense -- I'm trying to envision
10 it myself.
11 THE COURT:  Why don't we do this, we'll set up some
12 deadlines for you.  If you feel like it will end up looking
13 the same, you could decide not to cross-move, you could simply
14 respond.  I mean I guess the idea is you have the burden I
15 guess on your summary judgment motion to show that there's no
16 genuine dispute, right, about a material fact and that you win
17 and you would win I guess if nunchuks are not covered by the
18 Second Amendment, and then the issue about the disclosure is a
19 little bit more nuanced but there may be some purpose -- why
20 don't we do this, I don't know, I have to think about that,
21 but why don't we set up a schedule for you.
22 MS. BEN-SOREK:  I was going to suggest maybe two
23 weeks after, for instance, my papers due by the 30th of --
24 THE COURT:  Yes.
25 MS. BEN-SOREK:  -- December.

*HOLLY DRISCOLL, CSR*
*OFFICIAL COURT REPORTER*

1        THE COURT:  Right.
2        MS. BEN-SOREK:  Mid-February for Mr. Maloney and
3   then March for our response.
4        THE COURT:  Sounds perfect.
5        So, one other option is maybe to make your
6   opposition a combination cross-motion and opposition because I
7   think it will save you some pages to some extent because they
8   are going to overlap.
9        MS. BEN-SOREK:  It will probably save the Court from
10  having to read some of the same arguments twice as well.
11       THE COURT:  Yes, I think so.  It will be repetitive,
12  we'll avoid some repetition.  Why don't you try that.  For
13  whatever reason if you think it doesn't work, you can let us
14  know and we'll come up with a different schedule.
15       For now let's assume that your cross-motion will be
16  attached to your or part of your opposition to his summary
17  judgment, so it will be due January 27th.
18       MS. BEN-SOREK:  January 27th, County's opposition
19  and cross-motion.  Then we just need the date for the County's
20  reply.
21       THE COURT:  Yes.  So, the last date we have was --
22       THE CLERK:  February 27th.
23       (Pause while clerk confers with the Court.)
24       THE COURT:  Mr. Maloney's reply is due February
25  27th.  So, the same would go for you then, Mr. Maloney, your

1  reply will be an opposition to her cross-motion and then
2  February 27th was Mr. Maloney's reply and so, therefore, we
3  need another three weeks, two weeks; what would you like,
4  Ms. Ben-Sorek?
5              MS. BEN-SOREK:  Three weeks would be helpful, Your
6  Honor.
7              THE CLERK:  March 20.
8              THE COURT:  March 20.
9              Okay.  So, to recap, what do we have, Fida?
10             THE CLERK:  We have December 16 to serve, January 27
11 to respond.
12             THE COURT:  And to serve your cross-motion,
13 Ms. Ben-Sorek.
14             THE CLERK:  February 27 for plaintiff to reply and
15 to respond to the cross-motion.
16             THE COURT:  Perfect.
17             THE CLERK:  And then we have March 20th for the
18 County's reply.
19             THE COURT:  Okay.
20             MS. BEN-SOREK:  A little housekeeping measure,
21 as far as the bundle rule where there's a cross-motion, how
22 exactly does that work?
23             THE COURT:  So, when your reply, which is the last
24 salvo in this, gets served, everybody file their submissions,
25 so that would be March 20th.

1             MR. MALONEY:  And just to clarify, each side will
2    simply file their own papers rather than movant's versus
3    respondent's?
4             THE COURT:  Correct.
5             MR. MALONEY:  Right.
6             THE COURT:  Correct.  Now, one question about
7    page limits.  You have each 40 pages for the -- your motion,
8    Mr. Maloney.  Obviously then you have, in addition,
9    Ms. Ben-Sorek, a potential -- I guess you would get normally
10   20.  What's the page limit 20, 25?  I'm looking at my law
11   clerks.
12            (The Court confers with the clerk.)
13            THE COURT:  25 pages.  If you want to go up to 60
14   pages for your cross-motion and opposition, same for you, so
15   we'll make it 60.  I would think we don't need to go beyond
16   that.  It seems like an awful lot actually.
17            (Pause.)
18            THE COURT:  Sorry about that. We just have to
19   consider all the other things we have going on.  Okay.  So,
20   any questions about the schedule?  Have we made it complicated
21   enough for you?
22            MS. BEN-SOREK:  Just to make things more
23   complicated, 56.1 statements and 56.1 opposition to one
24   another?
25            THE COURT:  Correct, at the same time you file your

1 opposition.
2     MS. BEN-SOREK:  Fine.
3     THE COURT:  It may well be that you end up serving
4 two different documents, I guess, if that works out better.
5 So, perhaps once you get into the drafting of it, you'll
6 figure out what makes sense, a combined document or separate
7 document, and, again, if the timing doesn't work, you can talk
8 to each other and see if you could come up with a mutually
9 agreeable schedule.  Okay.
10     Any questions from either side?
11     MR. MALONEY:  No, Your Honor.
12     MS. BEN-SOREK:  No, Your Honor.
13     THE COURT:  Okay.  Terrific.  Thank you.
14     MR. MALONEY:  Thank you.
15     THE COURT:  Thanks for waiting.
16     MS. BEN-SOREK:  You're welcome.
17     (Pause in the proceedings.)
18
19     THE COURT:  So, wait, can we go back on the record
20 for one second.  Just to clarify, with respect to the other
21 submissions, the replies, you're not asking for any additional
22 number of pages, are you?
23     MR. MALONEY:  I believe the your rule is ten pages,
24 Your Honor.
25     THE COURT:  Is that too short, should we make it 20?

1         MR. MALONEY:  Just for safety.  I'll try not to go
2 that far.
3         THE COURT:  Let's make it 20 for the replies.
4         MR. MALONEY:  It seems to me there's only one that's
5 purely reply, one is a reply and an op.
6         THE COURT:  You, Mr. Maloney, have a reply and an
7 opposition, right.  You're getting 40 pages for your
8 opposition.
9         MR. MALONEY:  Right.
10         THE COURT:  So, again, you'll end up with the magic
11 number of 60 I guess.
12         MR. MALONEY:  I'll keep it well below that, Your
13 Honor.
14         THE COURT:  Thank you.  The trees thank you.  We
15 thank you.
16         (Clerk conferring with the Court.)
17         (Pause.)
18         THE COURT:  Essentially 60 with each volley I think.
19         Let's recap.  Mr. Maloney starts with 40,
20 Ms. Ben-Sorek gets 60.
21         THE CLERK:  So, it is 20, 40.
22         THE COURT:  Right.  And then Mr. Maloney gets 60
23 then in response because he'll get both reply and -- and then
24 you'll end up with 20 at the end, Ms. Ben-Sorek.
25         MS. BEN-SOREK:  Okay.  It should work.

```
                                                                    16
1           THE COURT:  It seems so.
2           MR. MALONEY:  We should count up the grand total of
3   pages that the Court will be reviewing, it seems like a large
4   number.
5           THE COURT:  It seems like a frightening number.
6   Definitely an interesting issue, folks.
7           MS. BEN-SOREK:  We'll clear a few more forests out.
8   Thank you, Your Honor.
9           MR. MALONEY:  Thank you.
10          (Time noted:  12:25 p.m.)
11          (End of proceedings.)
12
13
14
15
16
17
18
19
20
21
22
23
24
25
```