UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK

STEPHEN NUCCIO,

                          Plaintiff,

v.

NICOLE DUVÉ, in her official capacity as District Attorney of the County of St. Lawrence

                          Defendants.

Civil Action No:
7:13-CV-1556 (MAD/TWD)

**REPLY MEMORANDUM OF LAW IN FURTHER SUPPORT OF MOTION TO DISMISS, OR IN THE ALTERNATIVE, A STAY OF THIS ACTION**

**HANCOCK ESTABROOK, LLP**
Zachary M. Mattison (Bar Roll No. 514407)
*Attorneys for Defendant*
1500 AXA Tower I
100 Madison Street
Syracuse, New York 13202
Telephone: (315) 565-4500

{H2317321.3}

**I.   ARGUMENT**

Plaintiff's opposition to Defendant's motion to dismiss or stay focuses almost exclusively on the fact that Mr. Nuccio was previously convicted of a misdemeanor under N.Y. Penal Law § 265.01, whereas Attorney Maloney apparently was not.[1]  Therefore, Mr. Nuccio asserts that the Maloney Litigation cannot challenge N.Y. Penal Law § 265.02, which is a second offender felony provision related to § 265.01, despite the Maloney Litigation seeking a declaration on that provision.  (DKT. 15-4, p. 24) ("Plaintiff respectfully requests that this Court . . . declare that those portions of sections 265.00 through 265.02 of the New York Penal Law that define and punish as a crime the simple possession of nunchaku within one's home are unconstitutional and of no force and effect").  Plaintiff's action represents nothing more than an attempt to get two bites at the apple on the same issue.  As such, and for the reasons set forth more fully in Defendant's initial motion papers, we requests that the Court dismiss this action under the First-Filed Doctrine, in the interests of judicial economy and efficiency.

In the alternative, and regardless of the differences Plaintiff attempts to draw between this case and the Maloney Litigation, it is beyond dispute that staying this matter pending a decision on the motion and cross-motion for summary judgment currently pending in the Maloney Litigation, and any subsequent appeals, is the best use of the Court and the parties' resources.  While Plaintiff attempts to portray broad distinctions between the Maloney Litigation and the instant case, examining the Maloney Litigation's motion for summary judgment makes it clear that a decision in that case will guide the parties and this Court and ultimately determine the outcome of this litigation. (MATTISON REPLY DECL., Ex. 1).  Attorney Maloney's arguments in

---

[1] Plaintiff also argues that the third cause of action in the Maloney Litigation is unrelated to this case's Second Amendment claim.  However, the fact that there are *additional* claims in the Maloney Litigation beyond those asserted in this case does not diminish the similarities between the Maloney Litigation and this action.

the Maloney Litigation focus on whether the possession of nunchaku in one's home is constitutionally protected by the Second Amendment under the Supreme Court's ruling in *District of Columbia v. Heller*, 554 U.S. 570 (2008).  Quite simply, the argument in the Maloney Litigation is that "under *Heller,* the right to possess nunchaku in one's own home for legitimate purposes is constitutionally protected conduct," thus making any statute criminalizing that possession unconstitutional.  (MATTISON REPLY DECL., Ex. 1, p. 8).  It is *Heller's* applicability to the possession of nunchaku in one's home that is the lynchpin to obtaining a declaration in the Maloney Litigation, and quite likely, definitive on the sought-after declarations in this case as well.  (Dkt. 15-2, ¶ 41) ("The First and Second Causes of Action pleaded herein challenge the constitutionality of the application of the aforementioned New York statutes to criminalize possession of nunchaku in one's own home without criminal intent . . .").

The fact that Attorney Maloney was not convicted of a misdemeanor, while Mr. Nuccio was convicted, should not change the need for a stay based on the allegation that the Maloney Litigation cannot issue a declaration with respect to N.Y. Penal Law § 265.02.  That criminal statute provides that a person who commits criminal possession of a weapon in the fourth degree under § 265.01 on multiple occasions will be subject to a Class D Felony, and thus, because he has already been convicted under § 265.01, Mr. Nuccio is subject to this second-offender statute.  Nonetheless, a decision in the Maloney Litigation on the applicability of *Heller* to the possession of nunchaku in one's home and any subsequent declaration in that case on the constitutionality of § 265.01 will also resolve the constitutionality of § 265.02.  If § 265.01 is found to be constitutional, § 265.02, as a derivate second-offender statute, will survive this challenge.  If the Maloney Litigation results in a ruling that § 265.01 is unconstitutional, § 265.02 will fall as well.

There would be no need to litigate this case in either direction once the Maloney Litigation is decided. The parties could as much as concede the outcome here based on that decision.

Mr. Nuccio also argues that a final decision in the Maloney Litigation may not come in the near future because it "will be appealed, probably as far as seeking *certiorari* before the United States Supreme Court, which has occurred once before in that case . . . [, which] would almost certainly deny Mr. Nuccio an opportunity to pursue the relief he seeks for years." (DKT. 21, p. 10, n. 6). But it is for that exact reason that moving forward with this litigation while motions in the Maloney Litigation are pending would be a fruitless endeavor. It took the Maloney Litigation over 10 years and a trip to the United States Supreme Court to get to dispositive motions. Now that the case has made it to that point, it would behoove everyone to wait to see the outcome of those efforts. If this case were to follow that timeline, or even take half of the time, the Maloney Litigation would likely resolve well before this case could reach the stage that the Maloney Litigation has already achieved.

Therefore, it is difficult to fathom how staying this matter pending a decision in the Maloney Litigation and any subsequent appeals is not the best course. St. Lawrence County and the Court should not be forced to incur the expense and effort of litigating the constitutionality of this penal statute when simply permitting the passage of time will yield an answer to the questions raised in this litigation.

## II. CONCLUSION

For the reasons discussed above, and in her initial moving papers, Defendant respectfully requests that the Court grant its motion to dismiss the Complaint, or in the alternative, stay the proceedings.

DATED: June 20, 2014

                              HANCOCK ESTABROOK, LLP

By:   s/ Zachary M. Mattison
       Zachary M. Mattison (Bar Roll No. 514407)
       *Attorneys for Defendant*
       1500 AXA Tower 1
       100 Madison Street
       Syracuse, New York 13202
       Tel: (315) 565-4500