ADMITTED TO PRACTICE IN:
NEW YORK; NEW JERSEY;
UNITED STATES SUPREME COURT;
U.S. COURTS OF APPEALS FOR THE
SECOND AND THIRD CIRCUITS;
U.S. DISTRICT COURTS FOR THE
EASTERN DISTRICT OF TEXAS,
DISTRICT OF NEW JERSEY,
NORTHERN DISTRICT OF FLORIDA,
NORTHERN DISTRICT OF ILLINOIS,
DISTRICT OF CONNECTICUT, AND
NORTHERN, SOUTHERN & EASTERN
DISTRICTS OF NEW YORK; U.S.
COURT OF INTERNATIONAL TRADE;
U.S. COURT OF FEDERAL CLAIMS.

# JAMES M. MALONEY

### ATTORNEY AT LAW
### PROCTOR IN ADMIRALTY

TEL: (516) 767-1395
FAX: (516) 767-1326

E-MAIL ADDRESS:
**maritimelaw@nyu.edu**

P.O. BOX 551
33 BAYVIEW AVENUE
PORT WASHINGTON, NY 11050

September 21, 2015

The Honorable Mae A. D'Agostino
United States District Judge
United States District Court
for the Northern District of New York

Re: *Nuccio v. Duvé*, 7:13-cv-1556 (MAD/TWD)

### STATUS REPORT (FILED VIA ECF)

Dear Judge D'Agostino:

I represent the plaintiff, Stephen Nuccio, in the above-captioned matter, and am writing in compliance with the fourth Order as set forth in Your Honor's March 16, 2015, Memorandum-Decision and Order (ECF Document 25 at page 12) ("MDO"), namely that "the parties are hereby directed to contact the Court when further developments in *Maloney v. Rice* warrant reactivation of this litigation[.]"  Although reactivation in the Northern District does not appear to be warranted by the recent developments that I am about to report, it does appear that reactivation in the sense of making a motion to the Judicial Panel on Multidistrict Litigation ("JPML") to consolidate it with the *Maloney* case is a necessary and proper step at this juncture.

On May 22, 2015, the Eastern District of New York, in the *Maloney* case (which seeks virtually identical relief as is sought in *Nuccio*), ruled on cross-motions for summary judgment, finding that a key issue of disputed material fact must be resolved in order to decide "the critical threshold question of whether chuka sticks are or are not protected by the Second Amendment." Slip Opinion (copy attached as appendix hereto) at 21.  The specific fact question that the Eastern District identified, succinctly stated, is whether and to what extent the nunchaku is in common use for lawful purposes in modern America.  A trial will eventually go forward on this sole factual issue, but at present the parties have just begun certain pretrial proceedings that have never been undertaken in twelve years of litigation, including the taking of my own deposition and that of two witnesses whom I have identified, which the Eastern District today ruled "must be offered as expert witnesses pursuant to FRCP 26(a)," and further ruling that " Plaintiff must therefore comply with the procedures associated with expert witness disclosures and reports, and Defendant may challenge these witnesses' qualifications to testify as experts."

I hasten to add that the 12-year delay in addressing such pretrial matters is not the fault of the parties, nor of the Eastern District. It had long been assumed by all (including Your Honor in the MDO)[1] that the resolution of the *Maloney* case (and, similarly, of the *Nuccio* case) turned entirely on legal questions and not on facts, and indeed it is fair to say that the Supreme Court changed the legal landscape markedly during the twelve years the *Maloney* case has been on the docket.

In any event, now that a crucial issue of fact common to both actions has been identified, *Maloney* and *Nuccio* have become two "civil actions involving one or more common questions of fact [that] are pending in different districts, [and that] such actions may be transferred to any district for coordinated or consolidated pretrial proceedings." 28 U.S.C. § 1407(a).

I have contacted opposing counsel in *Nuccio*, apprised him of the foregoing, and agreed to wait at least until October 1, 2015, before filing any motion before the JPML, in order to give Defendant some time to evaluate the situation, decide whether to oppose or join such motion, and take whatever other steps may be deemed appropriate.

Accordingly, this status report includes no request for any action by the Court, and is written only as a courtesy and in satisfaction of the fourth Order in the MDO.

Respectfully,

_____/s_____

James M. Maloney

cc:     all parties via ECF
        Liora M. Ben-Sorek, Esq. (attorney for Defendant in *Maloney*) (via email)

---

[1] See MDO at 11(noting that "the passage of time will not prejudice Plaintiff's case because *Plaintiff raises purely legal issues* that cannot be compromised by unavailable witnesses, fading memories, or lost documents") (emphasis added) (internal quotation marks omitted).